CRIPPEN v. FIRST NATIONAL BANK OF YPSILANTI.

1. FRAUD—PREPONDERANCE OF EVIDENCE—APPEAL AND ERROR.
In action against national bank to recover sum paid for bonds because of alleged fraudulent representations inducing their purchase, finding of trial judge that plaintiff had not made a case by the preponderance of the evidence in support of that theory or on alleged repurchase agreement *held*, sustained by record showing that plaintiff's testimony was opposed by that of defendant's bond clerk, no longer employed by bank, and that bank immediately replaced such bonds with an equal amount of others of same issue.

2. APPEAL AND ERROR—NATIONAL BANKS.
Applicability of Federal statute prohibiting national banks from selling with recourse any investment security evidencing indebtedness of a person or corporation is not considered on appeal where plea to such effect was not interposed by defendant, a national bank, and case is otherwise disposed of on the merits (12 USCA, § 24).

Appeal from Washtenaw; Lamb (Fred S.), J., presiding. Submitted November 19, 1935. (Docket No. 144, Calendar No. 38,474.) Decided December 10, 1935.

Action by George F. Crippen and Edith A. Crippen against First National Bank of Ypsilanti for recovery of money paid for bonds. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Gerald J. Cotter* (*Peter P. Boyle,* of counsel), for plaintiffs.

*Burke & Burke* (*Frank B. DeVine,* of counsel), for defendant.

WIEST, J.   In January, 1929, plaintiffs purchased from defendant First National Bank of Ypsilanti certain bonds owned by it and claim they were induced to do so by the representations that the security behind the bonds was absolutely sound, that the bank bought the bonds for its own investment and would stand behind them and accept return thereof at any time and repay the money.

Interest was paid upon the bonds for a time and then, upon default, plaintiffs demanded that the bank take back the bonds and return their money. Upon refusal this suit was brought in June, 1932, to recover the money and, upon trial before the court without a jury, resulted in judgment for defendant, from which plaintiffs prosecute this appeal.

Plaintiffs seek recovery upon two counts; one for fraudulent representations inducing purchase of the bonds and the other a verbal promise to take the bonds back at any time and return the money. Among the bonds purchased were some of the Wolverine Mill & Lumber Company first mortgage bonds and the claimed false representations related mainly thereto.

Defendant's bond clerk, at the time plaintiffs purchased those bonds, showed Mr. Crippen a "prospectus" sent out to dealers and upon which the

bank had in the main acted in purchasing the bonds, but Mr. Crippen claims that defendant's bond clerk made affirmation of the statements therein and, to some extent, in addition thereto. The bond clerk made denial, and the pivotal issue in the case rested upon whether Mr. Crippen's testimony preponderated over that of the bond clerk.

The trial judge held that plaintiffs failed to make a case by a preponderance of the evidence.

The trial judge saw the witnesses; we have not had such a view but we have their testimony and a reading thereof brings us in agreement with the trial judge.

Plaintiffs purchased bonds of the Wolverine Company to the amount of $5,000. These bonds had been purchased by the bank at a slight discount and, immediately upon the sale to plaintiffs, the defendant again purchased the same amount of the bonds at a discount of four per cent. It is quite inconceivable that defendant unloaded valueless bonds upon plaintiffs and then immediately loaded up with a like quality and quantity.

Considering, as did the trial judge, the interest of Mr. Crippen in testifying to alleged representations and the lack of financial interest of the bond clerk who was no longer in defendant's employ at the time of the trial, we are unable to accord preponderance to the testimony of Mr. Crippen.

The bonds were purchased in the heyday of flotation of such obligations and when faith in such issues was necessarily, to a degree, in things hoped for. But the financial crash soon followed and things hoped for were not realized.

In their brief, counsel for defendant cite *Awotin* v. *Atlas Exchange National Bank of Chicago*, 295 U. S. 209 (55 Sup. Ct. 674), a decision rendered since

judgment was entered in the case at bar, and in which the court calls attention to a Federal statute,* prohibiting national banks from selling with recourse ''marketable obligations evidencing indebtedness of any person * * * or corporation, in the form of bonds, notes, and/or debentures, commonly known as investment securities,'' and holding that an agreement by a national bank to repurchase bonds cannot be enforced nor the money paid recovered.

No plea to such effect was interposed by defendant and, therefore, counsel for plaintiffs contend that such defense cannot be considered. Plaintiffs failed to establish their case by a preponderance of the evidence and there is no occasion to consider the mentioned prohibition.

The judgment is affirmed, with costs to defendant.

POTTER, C. J., and TOY, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.